[No. 20438.   Department One.   February 24, 1927.]

ALBIN ANDERSON, *Respondent and Appellant*, v. JOHN DAHL, *Defendant*, GEORGE H. GRIMES, *Appellant and Respondent*.[1]

Cross-appeals from a judgment of the superior court for King county, Moriarty, J., entered May 29, 1926, upon findings in favor of plaintiff and defendant, in an action on contract, tried to the court. Affirmed on both appeals.

*T. D. Page*, for plaintiff-appellant.

*C. H. Steffen* and *Andrew J. Balliet*, for defendant-appellant.

PER CURIAM.—Albin Anderson owned and lived in a house on rented ground, in Seattle. He owned the furniture in the house. John Dahl, a seafaring man, at all times when in Seattle had a home with Anderson. They were bachelors and friends. Anderson, intending to visit Norway, executed and recorded a bill of sale of the house and furniture to Dahl. There was no consideration for it. However, Anderson continued to live in the house. Later, upon Dahl's going to Alaska for a season, Anderson took from him a power of attorney to sell or rent the property. The power of attorney was recorded. Finally Dahl quit the Anderson home. Some three weeks thereafter, in consideration of three hundred dollars cash and one hundred dollars to be paid, Dahl executed and delivered to George H. Grimes a bill of sale of certain of the furniture in the Anderson house. Then this action was commenced by Anderson to cancel the bill of sale he had made to Dahl and also the one made by Dahl to Grimes. Dahl defaulted in the action.

Grimes answered, alleging the good faith of his purchase and affirmatively sought reformation of the bill of sale from Dahl to him, alleging that by mutual mistake between them the house had been omitted from the description of the property he had purchased from Dahl. After suit was started, Anderson did not pay ground rent, although he continued in possession of the property. Grimes, who was seeking by his cross-complaint to get the house, paid the ground rent, which at the date of the trial amounted to seventy dollars. Upon the trial of the case, findings were made and judgment entered denying reformation of the instrument as prayed for by Grimes, decreeing the house to belong to Anderson and decreeing the furniture described in Dahl's bill of sale to Grimes to be the property of Grimes, who was also given judgment against Anderson for seventy dollars ground rent that had been paid by Grimes. Anderson and

[1]Reported in 253 Pac. 1118.

Grimes, taking exceptions to adverse findings, have both appealed from portions of the judgment against them.

The controversy in this case arises over the facts. While counsel do not agree in this respect, there being some conflict in the evidence and fair inferences to be drawn from it, we are satisfied upon consideration of all the proof that the trial judge measured out justice between all the parties as well as it could be done.

Affirmed as to both appeals. Neither party will recover costs in this court.